



George B. Nielsen, Bankruptcy Judge

Ronald L. Hoffbauer (006888)
Joshua S. Parilman (021272)
Chad Schatz (027212)
**DAVID WROBLEWSKI & ASSOCIATES, P.C.**
2020 N. Central Avenue, Ste. #1100
Phoenix, AZ 85004
Phone: (602) 266-4570
Fax: (602) 288-1650
Email: parilman@aol.com
Attorney for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

In re:

| | |
|---|---|
| OSWALDO ROBERTO ZALDANA<br>SSN: xxx-xx-0032<br><br>AND<br><br>OLGA YAMILETH ZALDANA<br>SSN: xxx-xx-5337<br><br>22597 W. DESERT BLOOM ST.<br>BUCKEYE, AZ 85326<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No.: 2:11-bk-33596-GBN<br><br>**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE** |

The Chapter 13 Plan having been properly noticed out to creditors,

**IT IS ORDERED** Confirming the Plan of the Debtors as follows:

1.    **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

   a.  Future Earnings or Income. Debtors shall make the following monthly Plan Payments:

| Months | Dates | Payments |
|---|---|---|
| 1-15 | January 2012 through May 2013 | $1,500.00 |
| 16-60 | June 2013 through December 2016 | $1,600.00 |

The payments are due on or before the __9th__ day of each month commencing January, 2012. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged.**

The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for while in the bankruptcy case, within 30 days of filing. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

In re: Oswaldo & Olga Zaldana
Case No.: 2:11-bk33596-GBN

1

Case 2:11-bk-33596-DPC    Doc 32    Filed 09/19/12    Entered 09/20/12 06:45:23    Desc
Main Document - Chapter 13 Plan and Application for Payment of Administrative Ex    Page 1 of 7

b. <u>Other Property.</u> In the event that other property is submitted, it shall be treated as supplemental payments. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

2. **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. §586(e), then the Trustee will pay creditors in the following order:

a. <u>Administrative Expenses:</u>

<u>Attorney Fees.</u> Debtors entered into a flat fee agreement to pay $4,000.00. David Wroblewksi & Associates received $2,500.00 prior to filing this case and the remaining fees, which are to be paid through the Plan in the amount of $1,500.00, shall be paid to David Wroblewski & Associates by the Chapter 13 Trustee. All services listed in paragraph (F)(1) of the Plan, are included in the flat fee amount and the reminder of those services shall be provided by David Wroblewski & Associates.

<u>Additional Attorney Fees.</u> David Wroblewksi & Associates shall receive an additional $1,500.00 and will be paid by the Chapter 13 Trustee for the avoidance of the Junior Lien Holder. (see: 2:11-ap-02329-GBN)

b. <u>Claims Secured by Real Property:</u>

**DEUTSCHE BANK NATIONAL TRUST COMPANY**, secured by a lien on the Debtor's primary residence located at 22597 WEST DESERT BLOOM STREET, BUCKEYE, ARIZONA 85326, shall be paid pre-petition arrears of $1,727.20. Regular post-petition payments will be made directly outside the Plan direct to the secured creditor by the Debtor.

**OCWEN LOAN SERVICING**, is secured by a second deed of trust in the Debtor's residence located at 22597 WEST DESERT BLOOM STREET, BUCKEYE, ARIZONA 85326. The lien of OCWEN shall be avoided by separate order of this Court. As a result of the avoidance of the lien of OCWEN, OCWEN shall <u>not</u> be paid through the Plan as a secured creditor, or direct by the Debtor. Rather any filed claim of OCWEN for this debt shall be classified and paid as a general unsecured claim. (see: 2:11-ap-02329-GBN)

**SUNDANCE RESIDENTIAL HOMEOWNERS ASSOCIATION, INC.**, is secured in accordance with the CC&R(s). As of the petition date, the Debtor owed $1,466.30 in pre-petition arrears. Said pre-petition arrears shall be paid through the Debtor's Plan. The Debtor shall continue to make regular contractual payments direct to Sundance HOA outside of the Plan.

In re: Oswaldo & Olga Zaldana
Case No.: 2:11-bk33596-GBN

2

Case 2:11-bk-33596-DPC    Doc 32    Filed 09/19/12    Entered 09/20/12 06:45:23    Desc
Main Document - Chapter 13 Plan and Application for Payment of Administrative Ex    Page 2 of 7

c.  Claims Secured by Personal Property:

**AVONDALE AUTO CENTER**, secured by 1997 Mercedes C320, shall be paid $4,628.48 together with interest at 4.25%. Avondale Auto Center, shall receive adequate protection payments of $22.00 per month.

**CACTUS JACKS**, secured by 2001 Chevrolet S10, shall be paid $3,538.80 together with interest at 4.25%. Cactus Jacks, shall receive adequate protection payments of $35.00 per month.

**SANTANDER CONSUMER, USA**, secured by 2008 Hyundai Elantra, shall be paid $6,195.00 together with interest at 4.25%. Santander Consumer, USA, shall receive adequate protection payments of $62.00 per month. This claim is bifurcated and the balance of the claim shall be classified and paid as a non-priority general unsecured claim.

**SPENCER'S TV & APPLIANCES**, has failed to file a proof of claim. Therefore, Spencer's TV & Appliances shall be treated as a non-priority unsecured creditor pursuant to paragraph J(C) of the Plan.

d.  Unsecured Priority Claims:

**INTERNAL REVENUE SERVICE**, filed a proof of claim setting forth that $8,089.51 is entitled for priority for the following years: 2008, 2009, 2010. The priority amount shall be paid through the Debtor's Plan, and any remaining balance shall be treated as a general unsecured claim.

**ARIZONA DEPARTMENT OF REVENUE** filed a proof of claim setting forth that $2,222.81 is entitled for priority for the following years: 2008, 2009, and 2010. The priority amount shall be paid through the Debtor's Plan, and any remaining balance shall be treated as a general unsecured claim.

e.  Leases or Executory Contracts. The following leases and/or executor contracts are assumed or rejected as follows:

| Party | Description | Action |
|---|---|---|
| T-Mobile | Cellular Telephone Services | Assume |

f.  Surrendered Property: None.

g.  Co-Debtor Claim(s): None.

h.  Other Provisions: None.

///

In re: Oswaldo & Olga Zaldana
Case No.: 2:11-bk33596-GBN

3

Case 2:11-bk-33596-DPC    Doc 32    Filed 09/19/12    Entered 09/20/12 06:45:23    Desc
Main Document - Chapter 13 Plan and Application for Payment of Administrative Ex    Page 3 of 7

i.   Unsecured Non-priority Claims.   All other claims shall be classified as unsecured and non-priority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

4. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

In re: Oswaldo & Olga Zaldana
Case No.: 2:11-bk33596-GBN

4

Case 2:11-bk-33596-DPC    Doc 32    Filed 09/19/12    Entered 09/20/12 06:45:23    Desc
Main Document - Chapter 13 Plan and Application for Payment of Administrative Ex    Page 4 of 7

**DATED SIGNED AND ORDERED AS STATED ABOVE**

Approved as to Form and Content By:

**DAVID WROBLEWSKI & ASSOCIATES**    **STANDING CHAPTER 13 TRUSTEE**

By: _____
    Ronald L. Hoffbauer
    Joshua S. Parilman
    2020 N. Central Avenue, Ste. #1100
    Phoenix, AZ 85004
    *Attorneys for Debtors*

By: _____  9/18/12
    Russell Brown, Trustee
    Scott Lieske, Staff Attorney
    3838 N. Central Avenue, Suite 800
    Phoenix, AZ 85012-1965

**LAW OFFICES OF LES ZIEVE**

By: _____
    Nathaniel Morris Brednax
    18377 Beach Blvd. Suite 210
    Huntington Beach, CA 92648
    *Attorneys for* DEUTSCHE BANK
NATIONAL TRUST COMPANY

**CERTIFICATION OF DEBTORS:** I, Oswaldo Roberto Zaldana and I Olga Yamileth Zaldana, hereby certify as follows:

1.    I have reviewed the foregoing Stipulated Order Confirming Chapter 13 Plan in this case, and that I approve the same; and

2.    I have filed all applicable Federal, State, and local tax returns as required by U.S.C. § 1308; and

3.    I have no domestic support obligations.

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the time of filing the Petition.

_____
Oswaldo Roberto Zaldana

_____
Olga Yamileth Zaldana

In re: Oswaldo & Olga Zaldana
Case No.: 2:11-bk33596-GBN

5

**DATED SIGNED AND ORDERED AS STATED ABOVE**

Approved as to Form and Content By:

**DAVID WROBLEWSKI & ASSOCIATES**    **STANDING CHAPTER 13 TRUSTEE**

By: _____ 6/29/2012

Ronald L. Hoffbauer
Joshua S. Parilman
2020 N. Central Avenue, Ste. #1100
Phoenix, AZ 85004
*Attorneys for Debtors*

By: _____

Russell Brown, Trustee
Scott Lieske, Staff Attorney
3838 N. Central Avenue, Suite 800
Phoenix, AZ 85012-1965

**LAW OFFICES OF LES ZIEVE**

By: _____

Nathaniel Morris Brodnax
18377 Beach Blvd. Suite 210
Huntington Beach, CA 92648
*Attorneys for* DEUTSCHE BANK
NATIONAL TRUST COMPANY

**CERTIFICATION OF DEBTORS:** I, Oswaldo Roberto Zaldana and I Olga Yamileth Zaldana, hereby certify as follows:

1.    I have reviewed the foregoing Stipulated Order Confirming Chapter 13 Plan in this case, and that I approve the same; and

2.    I have filed all applicable Federal, State, and local tax returns as required by U.S.C. § 1308; and

3.    I have no domestic support obligations.

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the time of filing the Petition.

_____
Oswaldo Roberto Zaldana

_____
Olga Yamileth Zaldana

In re: Oswaldo & Olga Zaldana
Case No.: 2:11-bk33596-GBN

5

**Plan Summary.** If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.

| | | |
|---|---|---:|
| (1) | Administrative expenses | $ 3,000.00 |
| (2) | Priority claims | $ 10,312.32 |
| (3) | Payments on leases or to cure defaults, including interest | $ 3,193.50 |
| (4) | Payments on secured claims, including interest | $ 15,000.00 |
| (5) | Payments on unsecured, nonpriority claims | $ 53,364.18 |
| (6) | SUBTOTAL | $ 84,870.00 |
| (7) | Trustee's compensation (10% of plan payments) | $ 9,430.00 |
| (8) | Total plan payments | $ 94,300.00 |

(L)   <u>Section 1325 Analysis</u>.

(1)   *Best Interest of Creditors Test*:

| | | |
|---|---|---:|
| (a) | Value of debtor's interest in nonexempt property | $ 210.00 |
| (b) | Plus: Value of property recoverable under avoiding powers | $ 0.00 |
| (c) | Less: Estimated Chapter 7 administrative expenses | $ 52,50 |
| (d) | Less: Amount payable to unsecured, priority creditors | $ 10,312.32 |
| (e) | **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7 | $ 0.00 |

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

(2)   *Section 1325(b) Analysis:*

| | | |
|---|---|---:|
| (a) | Monthly disposable income under § 1325(b)(2), Form B22C, Statement of Current Monthly Income | $ 0.00 |
| (b) | Applicable commitment period | $ 60 |
| (c) | Section 1325(b)(2) monthly disposable income amount multiplied b y 60) | $ 0.00 |

(M)   Estimated Payment to Unsecured, Nonpriority Creditors Under Plan   $ 53,364.18

In re: Oswaldo & Olga Zaldana
Case No.: 2:11-bk33596-GBN

6