**LAW OFFICES OF LES ZIEVE**
18377 Beach Blvd. Suite 210
Huntington Beach, CA 92648
Phone: 714-848-7920
Fax: 714-848-7950
E-mail: Nbrodnax@zievelaw.com
Nathaniel Morris Brodnax, Esq. (AZ Bar #028799)
Attorneys for Deutsche Bank National Trust Company, as
Indenture Trustee for Aegis Asset Backed Securities Trust
2006-1, Mortgage Backed Notes,
[File No. 100007369]

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Oswaldo Roberto Zaldana and Olga Yamileth Zaldana,<br><br>Debtors, | Case #2:11-bk-33596-GBN<br><br>Chapter 13 Proceedings<br><br>MOTION FOR RELIEF<br>FROM THE AUTOMATIC STAY |
| Deutsche Bank National Trust Company, as Indenture Trustee for Aegis Asset Backed Securities Trust 2006-1, Mortgage Backed Notes,<br><br>Movant<br><br>v.<br><br>Oswaldo Roberto Zaldana and Olga Yamileth Zaldana, Debtors and Russell Brown, Trustee,<br><br>Respondents. | Re: Real Property located at 22597 West Desert Bloom Street, Buckeye, AZ 85326 |

Deutsche Bank National Trust Company, as Indenture Trustee for Aegis Asset

Backed Securities Trust 2006-1, Mortgage Backed Notes, ("Movant"), through undersigned

counsel, moves this Court for an Order granting relief from the automatic stay of 11 U.S.C. §

362 and any other limitations against lien enforcement against the property, rents, issues, and

profits of Oswaldo Roberto Zaldana and Olga Yamileth Zaldana ("Debtors"); or, in the alternative, conditioning the use, sale, or lease of such property, rents, issues, or profits as is necessary to provide with adequate protection of its secured interest in certain real property. This court has jurisdiction of this matter under 28 U.S.C. §157(b)(2)(G) and §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G) and §362. The filing of this Motion commences a contested matter within the meaning of Fed. R. Bankr. P. 9014.

This Motion is supported by the following Memorandum of Points and Authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Statement of Facts:

1. Movant is the holder of a promissory note, ("Note"), made, executed, and delivered by Olga Zaldana on or about September 1, 2006, in the original sum of $153,600.00. The original holder, Aegis Funding Corporation, endorsed the Note to Aegis Mortgage Corporation who in-turn endorsed the Note in blank, giving Movant standing to bring this Motion. The Note is secured by a Deed of Trust dated September 1, 2006 recorded as a lien in First Position at Maricopa County Recorder No.: 20061191895 against certain real property, ("the Property"), generally described as 22597 West Desert Bloom Street, Buckeye, AZ 85326 and legally described as:

> LOT 1789, OF SUNCANCE PARCEL 23A, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 774 OF MAPS, PAGE 19.

Mortgage Electronic Registration Systems, solely as Nominee for Aegis Funding Corporation, assigned the Deed of Trust to Movant. True and correct copies of the Note, Deed of Trust and Assignment of the Deed of Trust are attached hereto as Exhibits '1', '2', and '3'.

2. The Debtors filed a bankruptcy petition on December 9, 2011.

3. The regular monthly payments on the Note falling contractually due since April 1, 2013 have not been paid.

4. The total unpaid principal balance owed on the Note was $127,502.18, plus accruing interest, charges, costs and fees.

5. In accordance with the terms of the Note and Deed of Trust, the Note is in default and, accordingly, the entire unpaid principal balance together with interest, late charges, and attorney's fees and costs may be declared due.

6. In connection with the above-described default, Movant has incurred attorney's fees and costs to protect its secured interest.

7. Upon information and belief, there is no equity in the Property because the lien exceeds the fair market value thereof.

8. Upon information and belief, the Property is not necessary for an effective reorganization.

9. The secured interest of Movant in the Property has not been adequately protected, nor has Movant been offered adequate protection by the Debtors.

**Discussion:**

Bankruptcy Code § 362(d) provides for relief from the automatic stay upon the request of a party in interest on either of two grounds: (1) for cause, including lack of adequate protection of an interest in the property; or (2) the debtor has no equity in the property and the property is not necessary for an effective reorganization of the debtors. Movant is entitled to stay relief under each of the independent basis for relief set forth in 11 U.S.C. §362(d). The subsections of §362(d) are independent and disjunctive. This means that a court must lift the stay if a Movant prevails under either §362(d)(1) or §362(d)(2). In re Duvar Apt., Inc., 205 B.R. 196, 200 (BAP, 9th Cir. 1996).

The party seeking relief from the stay has the burden of proof only on the issue of the debtors' equity in the collateral; any party opposing the requested relief has the burden of proof on all other issues. 11 U.S.C. § 362(g). Therefore, unless a party opposing relief produces

evidence on these issues, Movant is entitled to relief without presenting any evidence whatsoever. See, In re L.H. & A. Realty Co., Inc., 57 B.R. 265 (Bankr. D. Vt. 1986).

## I. LACK OF EQUITY IN THE PROPERTY

Bankruptcy Code § 362(d)(2) authorizes the court to lift the automatic stay of an act against property where the debtor has no equity in such property and the property is not necessary for an effective reorganization. In re Dollar Associates, 172 B.R. 945, 953 (Bankr. N.D. Cal. 1994).

In determining whether there is equity in the property, all encumbrances on the property, including all costs and fees must be considered. In re Sun Valley Newspapers, Inc., 171 B.R. 71, 75 (Bankr. 9th Cir. 1994), citing Stewart v. Gurley, 745 F.2d 1194, 1196 (9th Cir. 1984)).

Where the Court is determining the equity in the property, it is immaterial whether all the lienholders join in their request for relief from the stay. In re Nashua Trust Co., 73 B.R. 423 (Bankr. D.N.J. 1987). In addition, the valuation assigned to the subject property must be reduced by an amount sufficient to cover the creditor's estimated cost of liquidating the property. La Jolla Mortgage Fund, 18 B.R. 283 (Bankr. S.D. Cal. 1982).

In the instant case, Movant alleges that there is no equity in the Property and no prospect or intent to reorganize. In their sworn bankruptcy schedules, Debtors state that the fair market value of this property is $61,000.00 (Debtors' Schedule A is attached hereto as Exhibit "4"). As indicated above, the current outstanding principal balance on Movant's lien is $127,502.18. As such it appears Debtors agree with Movant's assertion that there is no equity in this property. Any party opposing this Motion has the burden of proof on all other issues. 11 U.S.C. § 362(g).

## II. RELIEF FOR CAUSE - Lack of Adequate Protection

Even where the debtor has equity in Property, relief for cause may be granted by the Court pursuant to 11 U.S.C. § 362(d)(1), for cause, including where the Creditor's interest in the property is not adequately protected. In re Pliss, 34 B.R. 432 (Bankr. D. Or. 1983).

Any party opposing this Motion has the burden of proving a lack of cause, even when the debtors asserts that the equity in the property furnishes the creditor with adequate protection. In re Kim, 71 B.R. 1011 (Bankr. C.D. Cal. 1987) (overruled on other grounds).

The creditor's substantiated allegations that it is entitled to relief for cause are sufficient for granting relief if not refuted by the debtors. In re Marta Group, Inc., 33 B.R. 634 (Bankr. E.D. Pa. 1983). If the debtors fails to meet this burden, the moving party is entitled to relief under § 362(d)(1). In re Kim, supra.

In the instant case, the Debtor has not provided Movant with adequate protection of its interest in the Property. Failure to provide adequate protection is also cause to lift the automatic stay. See e.g., In Re Hinchliffe, 164 B.R. 45, 49 (bank. E.D. Pa. 1994). As described above, Debtor has been in default under the terms of the Note and as Movant is not adequately protected.

Also, pursuant to Section 1322 of the Bankruptcy Code, debtors are obligated to make all post-petition payments owing under the Note. Failure to do so constitutes cause for relief from the automatic stay under Section 362(d)(1) of the Bankruptcy Code. The following post-petition arrearages are currently due and owing:

| | |
|---|---|
| 3 payments @ $919.38 04/01/2013 - 06/01/2013 | $2,758.14 |
| Late Fees | $85.20 |
| Attorney Fees & Costs | $801.00 |
| Estimated post-petition delinquency | $3,644.34 |

In light of the above described delinquent post-petition payments Movant is entitled to relief from the automatic stay pursuant to 11 USC 362(d)(1).

### III. AUTOMATIC TERMINATION OF THE STAY AS A MATTER OF LAW

The automatic stay is terminated as a matter of law 30 days after this Motion is filed with the Court unless the Court, after notice and a hearing, orders the stay continued in effect pending the outcome of a final hearing on this Motion. 11 U.S.C. § 362(e).

### IV. TRUSTEE

TRUSTEE has been appointed by this Court as the Chapter 13 Trustee in this matter. By virtue of his/her position as Trustee of the estate of Debtors herein, he/she administers Debtors' Chapter 13 Plan of Reorganization. To the extent the relief sought herein is granted, TRUSTEE, is bound by any such judgment.

### REQUEST FOR RELIEF

For the foregoing reasons, Movant respectfully requests:

1. That all stays, including but not limited to, any injunction, restraining order, and the automatic stay provided by 11 U.S.C. § 362 be terminated or modified to permit Movant, the successor Trustee to the Deed of Trust, or such persons as the Court may deem appropriate, to take any and all action necessary and appropriate to enforce 's interest against the Property, including, but not limited to, the right to declare all sums secured by the Deed of Trust to be immediately due and payable; to exercise any assignment of rents; to bring a foreclosure action in any Court of competent jurisdiction; to notice, conduct or continue a judicial foreclosure or Trustee's Sale; and to apply the proceeds therefrom as authorized by the Deed of Trust and applicable state law;

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3. That Movant be awarded adequate protection of its interest in the Property, more specifically that the Debtors be ordered to pay all amounts now in arrears under the Deed of Trust; maintain monthly cash payments to equal to the regular monthly payment amount for the continued use and occupancy of the Property and to protect the interests of ; and further that shall be granted immediate relief from the automatic stay for any failure by the Debtors to adequately protect 's interest in the Property or make the required payments;

4. That Movant be awarded its reasonable attorneys' fees and costs incurred herein;

5. That this Court's Order herein be binding on the Debtors with respect to any subsequent conversion to another chapter or subsequent filing of another bankruptcy petition by the Debtors which may affect 's interest in the Property; and

6. Order the trustee to set aside and deliver to Secured Creditor all payments received by the Trustee as adequate protection payments or other payments made to satisfy the Note held by the Secured Creditor; and

7. For such other and further relief as this Court deems just and equitable.

Respectfully submitted this 1st day of July, 2013

                      Law Offices of Les Zieve

                      /s/ Nathaniel M. Brodnax
                      Nathaniel M. Brodnax, Attorney for Movant

Original e-filed this 1st day of July, 2013 with:

United States Bankruptcy Court
District of Arizona

| | |
|---|---|
| 1 | Copy of the foregoing, with a copy of the proposed Order for Relief |
| 2 | from the Automatic Stay, mailed the 1st day of July, 2013. to: |
| 3 | |
| 4 | Chapter 13 Trustee: RUSSELL BROWN |
| 5 | 3838 NORTH CENTRAL AVENUE, SUITE 800 PHOENIX, AZ 85012-1965 |
| 6 | |
| 7 | Attorney for Debtors: RONALD L. HOFFBAUER WROBLEWSKI & ASSOCIATES, P.C. |
| 8 | 2020 N. CENTRAL AVENUE, SUITE 1100 PHOENIX, AZ 85004-4503 |
| 9 | |
| 10 | Debtors: OSWALDO ROBERTO ZALDANA |
| 11 | OLGA YAMILETH ZALDANA 22597 W. DESERT BLOOM ST. |
| 12 | BUCKEYE, AZ 85326 |
| 13 | |
| 14 | By      /s/ Nathaniel M. Brodnax |